IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MANASSEH A. PHILIP | § | |
| (BOP Register No. 43839-177), | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-733-K-BN |
| | § | |
| ALLEN R. VAUGHT, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should grant Plaintiff Manasseh A. Philip leave to proceed *in forma pauperis* and then summarily dismiss this action without prejudice for Philip's failure to state a claim on which relief may be granted.

**Background**

Philip, a federal prisoner, has filed a Notice of Lawsuit [Dkt. No. 3], advising the Court that within 21 days he will file a lawsuit against the named defendants – attorneys in private practice and their law firm – alleging claims of legal malpractice and intentional theft, in which he will seek monetary damages and will request that the defendants be disbarred.

-1-

### Legal Standards and Analysis

A district court is required to screen a civil action brought by a prisoner – whether he is incarcerated or, instead, detained prior to trial – seeking relief from a governmental entity or employee. *See* 28 U.S.C. §§ 1915A(a), (c). On initial screening, the Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, that:

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

*Id.* § 1915A(b). Analogously, under 28 U.S.C. § 1915(e)(2)(B), a district court may summarily dismiss any complaint filed *in forma pauperis* – not limited to complaints filed by prisoners seeking relief from a governmental entity or employee – for the same reasons.

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). And a complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-

06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while the Court must accept all of a plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, to survive dismissal under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that a plaintiff contends entitle him to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ____,

135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

A district court generally must afford a *pro se* complainant an opportunity to amend before dismissing for failure to state a claim. *See Gregory v. McKennon*, 430 F. App'x 306, 308 (5th Cir. 2011) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). But this Court also may dismiss a prisoner's complaint as frivolous based on the complaint and any exhibits attached thereto alone. *See Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986); *see also Tinsley v. C.I.R.*, 958 F. Supp. 277, 279 (N.D. Tex. 1997) ("District courts are vested with especially broad discretion in making the determination of whether an IFP [*in forma pauperis*] proceedings is frivolous." (quoting *Green*, 788 F.2d at 1119)); *accord Lewis v. Sec'y of Pub. Safety & Corrs.*, 508 F. App'x 341, 344 (5th Cir. 2013) (per curiam).

Here, because Philip appears to be noticing his intent to sue private individuals, screening under Section 1915A is not an option for the Court. *See, e.g., Walling v. Wagner*, No. 3:14-cv-406, 2015 WL 400640, at *1 n.1 (S.D. Ohio Jan. 28, 2015) ("Athough Plaintiff is a prisoner, the Court reviews his complaint under 28 U.S.C. § 1915(e)(2) because 28 U.S.C. § 1915A applies only when a prisoner seeks relief from a governmental entity or employee. 28 U.S.C. § 1915A(a). Here, Plaintiff seeks relief from a private individual.")

Accordingly, the Court should first grant Philip leave to proceed *in forma pauperis* for purposes of screening his Notice of Lawsuit.

In deference to pleadings filed by *pro se* litigants, the Clerk of Court properly docketed the Notice of Lawsuit, the initial pleading submitted by Philip, as a

-4-

complaint. See FED. R. CIV. P. 3. ("A civil action is commenced by filing a complaint with the court."). And the undersigned has reviewed the Notice of Lawsuit as such.

Because the Notice of Lawsuit merely contains labels and conclusions and utterly lacks "facts sufficient to show" that the claims asserted have "substantive plausibility" – such as a statement concerning any relationship between the attorneys sued for malpractice and Philip – the Court should dismiss this action for failure to state a claim on which relief may be granted under Section 1915(e)(2)(B)(ii) but without prejudice to Philip's filing an actual complaint that complies with Rule 8 rather than a notice of his intent to do so later. *Johnson*, 135 S. Ct. at 347.

## Recommendation

The Court should grant Philip leave to proceed *in forma pauperis* and, for the reasons stated above, summarily dismiss this action for failure to state a claim on which relief may be granted without prejudice to Philip's filing an actual complaint that complies with Rule 8 rather than a notice of his intent to do so later.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 18, 2016

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE